IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Anthony Jerome Heyward, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0:19-cv-03127-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden of Turbeville Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Anthony Jerome Heyward ("Petitioner"), who was a state prisoner at the time of filing this *pro se* Petition, seeks relief under 28 U.S.C. § 2254. (ECF No. 1). Petitioner filed this Petition for Writ of Habeas Corpus on November 4, 2019. *Id.* In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On February 19, 2020, Respondent filed a Motion for Summary Judgment. (ECF No. 24). The magistrate judge subsequently issued an order on February 20, 2020, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of Respondent's motion and the possible consequences if Petitioner failed to adequately respond. (ECF No. 25). The *Roseboro* order was mailed to Plaintiff on February 20, 2020, (ECF No. 26), and was not returned to the court as undeliverable. Despite the warning in the *Roseboro* order, Petitioner filed no response to the motion for summary judgment.

Having received no response from Petitioner, the magistrate judge issued a second order on March 26, 2020, directing Petitioner to advise the court whether he wishes to proceed with this action and to file a response to Respondent's motion by April 13, 2020. (ECF No. 28). The court again warned Petitioner that if he failed to respond, the action may be subject to dismissal for

failure to prosecute.  *Id*. at 2.  This order was mailed to Petitioner at the address he provided to the court on March 27, 2020, (ECF No. 29), and was returned as undeliverable on April 13, 2020, (ECF No. 30).[1]

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to comply with court orders.  (ECF No. 33). In the Report, the magistrate judge set forth the relevant facts and legal standards, which are incorporated herein by reference.  *See id*.  Petitioner was advised of his right to file objections to the Report.  *Id*. at 3.  However, Petitioner has not filed any objections and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  In the absence of objections, this court is not required to provide an explanation for adopting the Report.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See United States v. Schronce*, 727 F.2d 91, 92–94 (4th Cir. 1984).

---

[1] In an order entered on November 13, 2019, Petitioner was explicitly directed to advise the Clerk's Office in writing of any change in Petitioner's address and advised that the failure to do so may result in the dismissal of his action for violation of a court order.  (ECF No. 4 at 2).

Having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 33), and incorporates it herein. Thus, the court finds that the Petition is subject to dismissal for failure to prosecute and to comply with court orders under Federal Rule of Civil Procedure 41(b).[2] Accordingly, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED with prejudice**, and Petitioner's motion to amend his petition (ECF No. 21) and Respondent's Motion for Summary Judgment (ECF No. 24) are **DENIED as moot**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 30, 2020

---

[2] Additionally, the court finds that this Petition is now moot and further subject to dismissal, because Petitioner has been released from custody. *See* (ECF No. 31).